1

2

3

4

5

6

7

8

9

10                UNITED STATES DISTRICT COURT

11                   EASTERN DISTRICT OF CALIFORNIA

12

DURRELL KAYE JACKSON,              )      1:09-CV-00894 GSA HC

13                                 )
              Petitioner,          )      ORDER DISMISSING PETITION WITHOUT
14                                 )      LEAVE TO AMEND
       v.                          )
15                                 )      ORDER DIRECTING CLERK OF COURT
                                   )      TO ENTER JUDGMENT AND TERMINATE
16   HECTOR A. RIOS, JR.,          )      CASE
                                   )
17            Respondent.          )
                                   )

18

19        Petitioner is a federal prisoner proceeding pro se with a petition requesting relief pursuant to

20   28 U.S.C. § 2007(b). He has returned his consent/decline form indicating consent to Magistrate

21   Judge jurisdiction.

22        On May 18, 2009, Petitioner filed a pleading entitled "Motion for Relief under 28 U.S.C.

23   § 2007(b). Since Petitioner is a prisoner challenging the execution of his sentence, the Court

24   CONSTRUES the pleading as a petition for writ of habeas corpus.

25                              **DISCUSSION**

26   A.  Procedural Grounds for Summary Dismissal

27        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

28        If it plainly appears from the petition and any attached exhibits that the petitioner is not

U.S. District Court

E. D. California    cd                       1

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

Petitioner seeks to void his sentence by claiming relief under 28 U.S.C. § 2007, which provides:

> (a) A person shall not be imprisoned for debt on a writ of execution or other process issued from a court of the United States in any State wherein imprisonment for debt has been abolished. All modifications, conditions, and restrictions upon such imprisonment provided by State law shall apply to any writ of execution or process issued from a court of the United States in accordance with the procedure applicable in such State.
>
> (b) Any person arrested or imprisoned in any State on a writ of execution or other process issued from any court of the United States in a civil action shall have the same jail privileges and be governed by the same regulations as person confined in like cases on process issued from the courts of such State. The same requirements governing discharge as are applicable in such State shall apply. Any proceedings for discharge shall be conducted before a United States magistrate judge for the judicial district wherein the defendant is held.

Petitioner claims this statute applies to him. He believes that his sentence, which is comprised of a life term of imprisonment and restitution in the amount of $700.00, is a debt for purposes of 28 U.S.C. § 2007. In line with this premise, he claims that he is  imprisoned for a debt, which is disallowed in § 2007(a). Thus, he claims, the sentence is void and he should be released. He is mistaken. He is not imprisoned for a civil debt. He is serving a criminal sentence for his 2002 convictions in the United States District Court for the Northern District of Iowa of the following counts: 1) Distributing and aiding and abetting the distribution of 4.9 grams of cocaine base; 2) Engaging in a continuing criminal enterprise; 3) Attempting to distribute 1,980 grams of cocaine; and 4) Using a communication facility to facilitate the commission of a drug trafficking offense. His arguments to the contrary are unpersuasive and must be rejected.

///

///

1

**ORDER**

2    Accordingly, IT IS HEREBY ORDERED:

3    1) The petition for writ of habeas corpus is DISMISSED with prejudice;

4    2) The Clerk of Court is DIRECTED to enter judgment; and

5    3) A certificate of appealability is not required. <u>Forde v. U.S. Parole Comm'n</u>, 114 F.3d 878,

6  879 (9th Cir.1997).

7        IT IS SO ORDERED.

8        **Dated:    June 22, 2009**                          **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California        cd

3